IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TERRY ANTONIO LEE**                                                                  **PETITIONER**

**v.**                              **NO. 4:24-cv-00497-KGB-PSH**

**DEXTER PAYNE**                                                                    **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Terry Antonio Lee ("Lee") challenges his Pulaski County Circuit Court convictions of, and sentence for, one count of committing a terroristic act, one count of attempted first-degree battery, and four counts of aggravated assault. It is recommended that his petition for writ of habeas corpus be dismissed without prejudice. His petition is a successive petition, and he failed to obtain authorization to file the petition from the United States Court of Appeals for the Eighth Circuit ("Court of Appeals").

The record reflects that Lee was convicted in 2012 and sentenced, with a firearm enhancement, to an aggregate term of eighty-five years imprisonment. The Arkansas Court of Appeals found no reversible error and affirmed his convictions and sentence on appeal. See Lee v. State, 2013 Ark. App. 209, --- S.W.3d ---, 2013 WL 1228756 (2013).

Lee then sought state post-conviction relief by filing a petition pursuant to Arkansas Rule of Criminal Procedure 37. The state trial court denied his petition and, after a remand for additional findings, the Arkansas Supreme Court affirmed the denial of his petition. See Lee v. State, 2017 Ark. 337, 532 S.W.3d 43 (2017).

Lee then filed his first petition pursuant to 28 U.S.C. 2254 in the United States District Court for the Eastern District of Arkansas. See Lee v. Payne, No. 5:18-cv-00045-KGB. In the petition, he challenged his 2012 convictions and sentence by raising the following sixteen claims:

    1. ineffective assistance of counsel for failure to investigate;

    2. ineffective assistance of counsel for failure to object to evidence admitted at trial;

    3. ineffective assistance of counsel for failure to consult on a defense strategy;

    4. ineffective assistance of counsel for failure to challenge certain jurors during jury selection;

    5. ineffective assistance of counsel for failure to make a proper motion for directed verdict;

    6. ineffective assistance of counsel for failure to object to sentences that violated protection from double jeopardy;

    7. the sentence imposed violates the double-jeopardy clause;

    8. violation of due process protection because Lee was legally incompetent to stand trial;

    9. lack of trial court jurisdiction due to improper transfer;

    10. prosecutorial misconduct that violated Arkansas Rules of Criminal Procedure 17.1, 17.3, 19.1, 19.2, and 19.6;

    11. error in verdict forms;

    12. illegal arrest;

    13. insufficient evidence to support convictions and juror bias, in violation of 4th and 14th Amendments to the Constitution;

    14. abuse of trial court's discretion in refusing to instruct the jury on concurrent and consecutive sentences;

    15. denial of the right to allocution at trial; and

    16. denial of due process on appeal.

See Lee v. Kelley, No. 5:18-cv-00045-KGB-BD, 2018 WL 8966966, 2–3 (E.D. Ark. Oct. 15, 2018), report and recommendation adopted, No. 5:18-cv-00045-KGB, 2019 WL 3713698 (E.D. Ark. Aug. 6, 2019). United States Magistrate Judge Beth Deere eventually recommended that the petition be dismissed. She so recommended in part because six of Lee's claims were procedurally barred from federal court review. With respect to his remaining ten claims, she found that they were reasonably adjudicated by the state courts of Arkansas, and deference should be accorded the adjudications. United States District Judge Kristine Baker adopted Judge Deere's report and recommendation in full, found that Lee was not entitled to a certificate of appealability, and dismissed the petition. Lee sought a certificate of appealability from the Court of Appeals, but his request was denied. See Lee v. Payne, --- F.3d ---, 2020 WL 2128765 (8th Cir. 2020).

4

Approximately four years after the Court of Appeals denied Lee's request for a certificate of appealability, he began this case by filing the petition at bar. A brief summary of his petition, which with exhibits totaled 114 pages, is not easy. Lee appeared to advance four claims, claims respondent Dexter Payne ("Payne") summarized as follows: (1) the prosecution withheld exculpatory evidence, (2) Lee's attorney was ineffective, (3) the state trial court exceeded its jurisdiction when it transferred his case to another division of the court, and (4) the evidence of his guilt is insufficient to support his convictions and sentence.

Payne responded to the petition by filing the pending motion to dismiss. See Docket Entry 5. In the motion, Payne maintained that the petition should be dismissed because it is a successive petition, and Lee did not obtain authorization from the Court of Appeal to "seek successive federal habeas corpus relief." See Docket Entry 5 at CM/ECF 2.

Lee filed a response to the motion to dismiss, a response that with exhibits totaled seventy-four pages. Liberally construing his response, he maintained that he should not be required to obtain authorization from the Court of Appeals. He so maintained because he is actually innocent, he has been proceeding without the assistance of counsel, and the ends of justice will be served by immediately considering his petition.

The filing of a second or successive petition is governed by 28 U.S.C. 2244(b)(3)(A). It provides that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The phrase "second or successive" is a term of art and not every petition that is second in time requires authorization. See Williams v. Hobbs, 658 F.3d 842 (8th Cir. 2011). "Where a [petitioner] could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining [...] authorization." See Id. at 853.

The petition at bar is Lee's second challenge to his 2012 convictions and sentence by means of a petition pursuant to 28 U.S.C. 2254. It is clear that he neither sought nor obtained authorization to file his petition from the Court of Appeals. Instead, he simply filed this petition in the United States District Court for the Eastern District of Arkansas. The only question is whether he was required to obtain authorization from the Court of Appeals before filing his petition. For the reasons that follow, the undersigned finds that he must comply with the authorization requirement before his petition can be considered, and his petition should therefore be dismissed without prejudice.

First, Lee has known of the factual predicate of his second and third claims, and all or part of his fourth claim, since at least the time of his trial. In fact, he appears to have raised his second and third claims, and all or part of his fourth claim, in his first petition pursuant to 28 U.S.C. 2254.

Second, for purposes of this Recommendation, the undersigned assumes that Lee did not discover the factual predicate of his first claim until after the dismissal of his first petition pursuant to 28 U.S.C. 2254. There are nevertheless two problems. He has failed to show that he could not have discovered the factual predicate of the claim prior to the dismissal of his first petition. Notwithstanding that problem, to the extent his first claim is new, new claims based on new evidence cannot be raised in a second or successive habeas petition without authorization from the Court of Appeals. See Caroon v. Hammer, No. 13-1646-MJD-FLN, 2013 WL 5359559 (D. Minn. Sept. 24, 2013).

Third, the undersigned is not persuaded that an assertion of actual innocence can excuse compliance with the authorization requirement. An actual innocence exception to 28 U.S.C. 2244(b)(3)(A) would "nearly eviscerate" the requirement, "as actual-innocence claims are one of only two types of claims that can be authorized at all for consideration in a second-or-successive habeas petition [...]" See Pawliszko v. Dooley, No.

7

15-3994-ADM-JSM, 2015 WL 9312526, 2 (D. Minn. Nov. 30, 2015), report and recommendation adopted, No. 15-3994-ADM, 2015 WL 9294350 (D. Minn. Dec. 12, 2015) (emphasis in original). See also Solomon v. State of Arkansas, No. 5:15-cv-05304-TLB, 2016 WL 3945739 (W.D. Ark. July 19, 2016). "In other words, absent reliance on a new retroactively applicable rule, a showing of actual innocence is a prerequisite to certification by an appellate court; it is not an exception to certification." See Pawliszko v. Dooley, 2015 WL 9312526, 2 (emphasis in original).

Last, the undersigned recognizes that Lee has been proceeding pro se. The undersigned knows of no authority for the proposition that a petitioner's pro se status will excuse his obligation to obtain authorization from the Court of Appeals. It is worth noting here that Lee's pro se status did not prevent him from filing an earlier petition pursuant to 28 U.S.C. 2254, one in which he advanced sixteen claims.

The undersigned finds that the petition at bar is a second or successive petition, and Lee failed to obtain authorization from the Court of Appeals to file the petition. It is therefore recommended that Payne's motion to dismiss be granted and this petition be dismissed without prejudice. All requested relief should be denied, and this case should be closed. A certificate of appealability should also be denied.

DATED this 19th day of August, 2024.

_____
UNITED STATES MAGISTRATE JUDGE